UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL ANTHONY SAMPAY | * | CIVIL ACTION |
| VERSUS | * | NO. 25-00941 |
| TERREBONNE PARISH CONSOLIDATED GOVERNMENT, ET AL. | * | SECTION "T" (2) |

## ORDER

Before the Court is the Report and Recommendation regarding Plaintiff Paul Anthony Sampay's claims.  R. Doc. 9.  The Report recommends that Plaintiff's claims against Terrebonne Parish Consolidated Government and Jacob Guidry, EMT, be dismissed with prejudice.  *Id.* at 6-9, 10, and 12.  As to Defendant April Tomlin, the Report recommends that Plaintiff's § 1983 claims of medical indifference against Medical Administrator April Tomlin be allowed to proceed and remain referred to the Magistrate Judge for further pretrial proceedings. R. Doc. 12. Plaintiff timely filed an Objection.  R. Doc. 10.  After making an independent review of the pleadings, files, and records in this case, the Court OVERRULES the Objection and ADOPTS the Magistrate Judge's recommendation.

## I.     LEGAL STANDARD

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served a copy of the report and recommendation, thereby securing de novo review by the district court. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).  A district court need not consider "[f]rivolous, conclusive, or general objections."[1]

---

[1] *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

1

## II.    <u>ANALYSIS</u>

Plaintiff filed an objection arguing that Terrebonne Parish Consolidated Government ("TPCG") is vicariously liable as Defendant Tomlin's employer.  R. Doc. 10.  However, as the Report points out, TPCG simply contracts or appoints the health care provider to tend to the medical needs of the inmates.  R. Doc. 9, p. 7.  It is the Sheriff who is responsible for the day-to-day administration and operation of the jail and responsible for inmates.  *Id.*

After having conducted a de novo review of the Complaint (R. Doc. 4), the Report and Recommendation, the objection to the Report and Recommendation, and the applicable laws, the Court rejects Plaintiff's argument that his claims against TPCG should not be dismissed and adopts the Magistrate Judge's findings and recommendations.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court OVERRULES Plaintiff's Objection, APPROVES and ADOPTS the Magistrate Judge's recommendation after de novo review, and DISMISSES WITH PREJUDICE Plaintiff's claims against Terrebonne Parish Consolidated Government and Jacob Guidry, EMT.

Accordingly,

**IT IS ORDERED** that Plaintiff Paul Anthony Sampay's 42 U.S.C. § 1983 claims against defendants Terrebonne Parish Consolidated Government and EMT Guidry be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e as frivolous and otherwise for failure to state a claim for which relief can be granted.

**IT IS FURTHER ORDERED** Sampay's § 1983 claim of medical indifference against defendant Medical Administrator April Tomlin is allowed to proceed and remains referred to the assigned Magistrate Judge for further pretrial proceedings.

New Orleans, Louisiana, this __14th__ day of _____May_____, 2026.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE